UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIMBERLY EVEN,

    Plaintiff,

vs                                                Case No: 12-12066
                                                Honorable Victoria A. Roberts

BAC HOME LOAN SERVICING LP FKA
COUNTRYWIDE HOME LOANS
SERVICING LP,

    Defendant.
_____/

**ORDER GRANTING DEFENDANT'S
MOTION TO DISMISS COMPLAINT**

**I.    INTRODUCTION**

    This matter is before the Court on a motion to dismiss filed by Bank of America, N.A., as successor by merger to BAC Home Loan Servicing, LP, formally known as Countrywide Home Loans Servicing, LP ("Defendant"). The matter is fully briefed. The legal arguments and factual allegations are sufficiently set forth in motion papers; oral argument is unnecessary.  The Court decides Defendant's motion on the briefs. *See* L.R. 7.1(f)(2).

    The Court **GRANTS** Defendant's motion to dismiss; some counts are dismissed with prejudice; Plaintiff has the opportunity to file an amended complaint.

**II.    BACKGROUND**

    This case involves real property at 30159 Hennepin Street, Garden City,

Michigan, 48135 ("the Property"). On April 28, 2006, Kimberly Even ("Plaintiff") and her uncle entered into a mortgage with Approved Mortgages, Inc. ("Approved") for $101,500. The mortgage was recorded with the Wayne County Register of Deeds on May 22, 2006. In August 2006, Plaintiff's uncle died. She faxed Defendant a death certificate to remove her uncle from the mortgage documents and transfer the mortgage and deed to her. Plaintiff began to experience financial hardship in 2008. On March 10, 2010, Mortgage Electronic Registration System, Inc. ("MERS"), the nominee for Approved, assigned its interest in the mortgage to Defendant, Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP. The assigned mortgage was recorded with the Wayne County Register of Deeds on March 16, 2010. Plaintiff failed to make payments and defaulted on her obligations under the note and mortgage. As a result, the Property was sold at a Sheriff's Sale on March 31, 2010. Defendant purchased the property at the Sheriff's Sale for $120,039.88. Plaintiff did not redeem the Property before the redemption period expired on October 1, 2010.

According to Plaintiff, from 2008 until the redemption period expired on October 1, 2010, Defendant caused confusion that delayed her attempt to receive a loan modification. Defendant assigned the note and mortgage containing her deceased uncle's name, incorrectly spelled her name on the loan modification documents, gave Plaintiff conflicting information and advice, and could not locate missing documents that Plaintiff forwarded.

Defendant took action to evict Plaintiff from the Property. Plaintiff's Complaint alleges ten claims: (1) Count 1- Violation of M.C.L. § 600.3205; (2) Count II- Misrepresentation and/or Fraud; (3) Count III- Quiet Title; (4) Count IV- Deceptive Act

2

and/or an Unfair Practice (voluntarily dismissed); (5) Count V- Negligence; (6) Count VI- Unjust Enrichment (voluntarily dismissed); (7) Count VII- Innocent/Negligent Misrepresentation; (8) Count VIII- Fraud, based upon Silent Fraud and Unfair Practices; (9) Count IX- Constructive Trust (voluntarily dismissed); (10) Count X- Injunctive Relief. Defendant moved to dismiss the entire Complaint.

On May 8, 2012, Defendant removed the state court action to this Court under 28 U.S.C. § 1441 based on 28 U.S.C. § 1332. In its motion to dismiss, Defendant asserts that (1) Plaintiff fails to state a claim for violation of M.C.L. 600.3205 (Count I), (2) Plaintiff's fraud-based claims should be dismissed because they are insufficiently pled (Count II, VII, VIII), (3) Plaintiff fails to state a claim for quiet title (Count III), (4) Plaintiff fails to state a claim for a deceptive act and/or unfair practice (Count IV), (5) Plaintiff's negligence claim fails (Count V), (6) Plaintiff's unjust enrichment claim fails (Count VI), (7) Plaintiff's Claim for constructive trust is barred by the doctrine of unclean hands (Count IX), and (8) Plaintiff fails to state a claim for injunctive relief (Count X).

### III. ANALYSIS

#### A. Standard of Review

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The Court will grant a motion to dismiss under 12(b)(6) if the complaint fails to state a claim upon which relief can be granted. *G.M. Eng'rs and Assocs, Inc. v. West Bloomfield Twp.*, 922 F.2d 328, 330 (6th Cir. 1990). To overcome a Rule 12(b)(6) motion, "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[O]nly a

3

complaint that states a plausible claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Although "a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations," a plaintiff must do more than state conclusions or recite the elements of a cause of action. *Bell Atl. Corp.*, 550 U.S. at 555.

In ruling on a motion to dismiss, the court may consider the complaint as well as (1) documents referenced in the pleadings and central to plaintiff's claims, (2) matters of which a court may properly take notice, (3) public documents, and (4) decisions of government agencies. *Tellabs, Inc.v. Makor Issues & Rights Ltd.*, 551 U.S. 308, 322-23 (2007). Here, the Court considered documents relating to the mortgage and foreclosure which are referenced in the Complaint and central to Plaintiff's claims.

### B.  Count I- Violation of MICH. COMP. LAWS § 600.3205(a)

The Court finds there is no violation of MICH. COMP. LAWS § 600.3205(a); Defendant gave Plaintiff notice under the statute.

Plaintiff alleges the foreclosure sale is invalid because Defendant did not provide her with notices, mediation, and modification information and opportunities required by MICH. COMP. LAW § 600.3205a. Plaintiff requests rescission of the foreclosure sale.

A party may not begin foreclosure by advertisement if notice was not mailed according to MICH. COMP. LAWS § 600.3205(a). *Pettey v. CitiMortgage, Inc.*, No. 11-13779, 2012 WL 3600342, at *8 (E.D. Mich. Aug. 21, 2012). Included in the written notice, the foreclosing party must send the contact information of the person with authority to make agreements for a loan modification. MICH. COMP. LAWS §

4

600.3205(a)(1)(c). The borrower may request a meeting to attempt to work out a modification of the mortgage loan within 30 days after the foreclosing party sends notice. MICH. COMP. LAWS § 600.3205(a)(1)(d). If the buyer requests a meeting, foreclosure proceedings will not start until 90 days after the foreclosing party mails notice. MICH. COMP. LAWS § 600.3205(a)(1)(e). Failure to comply with MICH. COMP. LAWS § 600.3205(a) does not invalidate a Sheriff's Sale. *Dingman v. OneWest Bank,* No. 11-15706*, FSB,* 2012 WL 884357, at *8 (E.D. Mich. Mar. 14, 2012). "The statute plainly requires the borrower to seek his remedy prior to the completion of the foreclosure sale, as it merely converts the proceeding into one of judicial foreclosure. A borrower may not challenge a complete foreclosure sale under this statute." *Benford v. CitiMortgage, Inc.*, 11-12200, 2011 WL 5525942, at *5 (E.D. Mich. Nov. 14, 2011).

Defendant's Exhibit E is a notarized affidavit of compliance with MICH. COMP. LAWS § 600.3205a. Defendant mailed the required Notice under MICH. COMP. LAWS § 600.32059(a)(1) and (2). It published the Notice according to MICH. COMP. LAWS § 600.3205(a)(4). The Notice of Foreclosure was not published until Defendant complied with MICH. COMP. LAWS § 600.3205(a)(4). Plaintiff did not request to set up a meeting to modify the mortgage according to MICH. COMP. LAWS § 600.3205(a)(1)(d). She also did not request judicial foreclosure for failure to comply with loan modification provisions. "[Her] complaint asks for an order to rescind the foreclosure sale, but she does not state the authority under which the Court would be able to accomplish this. The only source of authority [she] point[s] to is the statute itself." *Dingman,* 2012 WL 884357, at *9. For these reasons, Count I fails.

### C. Count II- Misrepresentation and/or Fraud, Count VII- Innocent/Negligent Misrepresentation, Count VIII- Fraud, Based Upon Silent Fraud and Bad Faith Promises

#### 1. *Plaintiff's Fraud Allegations are not pled with particularity under the Fed. R. Civ. P. 9(b) heightened pleading standard.*

Plaintiff alleges several fraud based claims: Misrepresentation and/or Fraud (Count II), Innocent/Negligent Misrepresentation (Count VII), and Fraud, Based Upon Silent Fraud and Bad Faith Promises (Count VIII). Defendant states that Plaintiff's fraud-based claims should be dismissed because they are insufficiently pled.

A fraud count must state with particularity the circumstances constituting fraud or mistake. Fed. R. Civ. P. 9 (b). The purpose behind the particularity requirement of Rule 9(b) is to provide a defendant fair notice of the substance of a plaintiff's claim so the defendant may prepare a responsive pleading. *Michaels Bldg. Co. v. Ameritrust Co., N.A.*, 848 F.2d 674, 679 (6th Cir. 1988). To meet the particularity requirements of Rule 9(b), the plaintiff must : "(1) specify the statements that he contends are fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. At a minimum, plaintiffs must allege the time, place, and contents of the misrepresentation on which they relied." *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (internal citations omitted). "[P]laintiff must also allege why the statements were fraudulent." *Haigh*, 2012 WL 1365081, at *5. Where a party fails to meet its Rule 9(b) burden, dismissal is warranted. *Id.*

#### 2. *Count II- Misrepresentation and/or Fraud*

Plaintiff's fraudulent misrepresentation claims are not pled with particularity. Plaintiff alleges fraud because of Defendant's alleged reckless representations during the loan modification process. In support, Plaintiff states Defendant represented to her that Defendant would (1) advise her whether she qualified for a loan modification, (2) postpone the Sheriff's Sale until a decision was made on the loan modification, (3) review the file, (4) evaluate her to determine if she qualified for a loan modification, and (5) notify her if the loan modification was denied. Plaintiff also says Defendant told her she qualified for a loan modification, her appeal was approved, and her deceased uncle's name would be taken off the loan and mortgage documents.

In Michigan, the elements for fraudulent misrepresentation are that the (1) defendant made a material misrepresentation (2) that was false; (3) he knew when he made it that it was false or he made it recklessly; (4) he intended the plaintiff to act on it; (5) plaintiff relied on it and (6) suffered injury. *Smith v. Bank of Am. Corp.*, No. 10-14161, 2011 WL 653642, at *4 (E.D. Mich. Feb. 14, 2011) *aff'd,* 11-1406, 2012 WL 2301645 (6th Cir. June 18, 2012).

Plaintiff does not plead "time, place, or contents" of the alleged misrepresentations. *Id.* Because Plaintiff did not plead the elements of fraud with particularity, Count II fails. *See id.* (Plaintiff did not state the time, place, or contents of the alleged misrepresentations.)

### 3. *Count VII- Innocent/Negligent Misrepresentation*

Plaintiff did not plead the minimum required for innocent or negligent misrepresentation. In support of this claim, Plaintiff states: (1) Defendant made innocent and/or negligent representations of material facts by promising or representing

7

that it would give a loan modification, (2) representations made by Defendant were directed to her and were made in connection with the loan modification so that she could remain in her home, (3) the representations were false because Defendant failed to give her a loan modification, (4) Plaintiff would not have entered the loan modification process if she had known she would not have received it, (5) and she suffered financial loss that benefitted the Defendant.

Plaintiff's seventh claim improperly combines two distinct causes of action. *See Sembly v. U.S. Bank Nat'l Assn.,* No. 11-12322, 2012 WL 32737, at *4 (E.D. Mich. Jan. 6, 2012). "A claim of innocent misrepresentation is shown if a party detrimentally relies upon a false representation in such a manner that the injury suffered by that party inures to the benefit of the party who made the representation." *Unibar Maint. Serv., Inc. V. Saigh*, 769 N.W.2d 911, 919 (Mich Ct. App. 2009). "A claim for negligent misrepresentation requires [a] plaintiff to prove that a party justifiably relied to his detriment on information prepared without reasonable care by one who owed the relying party a duty of care." *Id.*

These allegations "do not put Defendant on notice of the time, place, or contents [of] the alleged misrepresentations." *Smith*, 2011 WL 653642, at *4. Plaintiff does not allege the minimum required under Rule 9(b). Count VII fails.

### 4. *Count VIII- Fraud, Based Upon Silent Fraud and Bad Faith Promises*

In support of this claim, Plaintiff alleges: (1) Defendant entered into the loan modification process with her, knowing it would go forward with the Sheriff's Sale, (2)

8

Defendant failed to disclose to her its intention to go forward with the Sheriff's Sale, (3) she relied upon Defendant's assurances, statements, promises, and guarantees relating to the loan modification, and (4) Defendant knew or should have known that its failure to disclose pertinent facts caused her to have a false impression.

"[T]o prove a claim of silent fraud, a plaintiff must show that some type of representation that was false or misleading was made and that there was a legal or equitable duty of disclosure." *M&D, Inc. v. W. B. McConkey*, 585 N.W.2d 33, 39 (Mich. Ct. App. 1998). Plaintiff falls short of meeting this standard.

"This is nearly the exact language confronted by Judge Edmunds in *Smith*. In dismissing the claim, she wrote: '[N]ot only has Plaintiff not satisfied the fraud pleading requirements, they also have not alleged facts that would support the element that Defendants had a legal or equitable duty to disclose any supposed misrepresentation.'" *Haigh*, 2012 WL 1365081, at *6. Count VIII fails.

Plaintiff's fraud-based claims (Count II- Misrepresentation and/or Fraud, Count VII- Innocent/Negligent Misrepresentation, Count VIII- Fraud, Based Upon Silent Fraud and Bad Faith Promises) are not pled with sufficient particularity to survive a motion to dismiss.

    **D.   Count III- Quiet Title**

The Court dismisses Plaintiff's claim for Quiet Title because she does not have an interest in the Property and has not raised issues that rise to the level of fraud, irregularity, or exigency sufficient to set aside the forfeiture sale.

        **1.   *Plaintiff does not have an interest in the Property because she***

***failed to redeem.***

Plaintiff claims that the Property was illegally obtained and the Defendant should have no interest. Defendant, relying on MICH. COMP. LAWS § 600.3236, claims Plaintiff lost her rights to the Property on October 1, 2010, when the redemption period expired. Defendant also states Plaintiff must establish a prima facie case of title. Plaintiff requests legal title and that the Court void the Sheriff's Sale.

"A quiet title action is an attempt to establish a substantive right in property." *Sembly,* 2012 WL 32737, at *3. "Under Michigan law, the plaintiff has the burden of proof in an action to quiet title and must make out a prima facie case of title. If the plaintiff makes out such a case, then the defendant has the burden of proving a superior right or title in itself." *Brezzell v. Bank of America*, *N.A.*, No. 11-11467, 2011 WL 2682973, *3 (E.D. Mich. July 11, 2011) (internal citations omitted).

"Following a foreclosure, the rights and obligations of the parties are controlled by statute." *Haigh*, 2012 WL 1365081, at *3; *Senters v. Ottawa Savings Bank,* 503 N.W.2d 639, 642 (Mich. 1993). "After a [S]heriff's [S]ale, a mortgagor is entitled to a period of time to redeem the property by paying the required amount." MICH. COMP. LAWS § 600.3240(1); *Haigh*, 2012 WL 1365081, at *3. "At the expiration of the statutory redemption period, the purchaser of the sheriff's deed is vested with 'all the right, title, and interest' in the property." MICH. COMP. LAWS § 600.3236; *Haigh*, 2012 WL 1365081, at *3. "[A] mortgagor who fails to redeem loses all rights in the property." *Haigh*, 2012 WL 1365081, at *3; *see also Sembly,* 2012 WL 32737, at *1.  Thus, "[t]he redemption period generally serves as a mortgagor's last chance to avoid losing [his or her] home

after a valid foreclosure sale." *Sembly,* 2012 WL 32737, at *1. However, the Court has the power to set aside a foreclosure sale upon "a clear showing of fraud or irregularity." *Moriarty v. BNC Mortg., Inc.*, No. 10-13860, 2010 WL 5173830, at *2 (E.D. Mich. Dec. 15, 2010); *see also United States v. Garno*, 974 F. Supp. 628, 633 (E.D. Mich. 1997) ("The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside.")

Plaintiff cannot prove a prima facie case of title. After the Sheriff's Sale on March 31, 2010, Plaintiff had until October 1, 2010, to redeem the Property. The redemption period expired 18 months before Plaintiff filed the Complaint. Because she did not redeem, she lost all rights in the Property to Defendant, who purchased it. Her "claim to quiet title 'merely attacks the foreclosure process and does not address a legitimate title dispute.'" *Mekani v. Homecomings Fin., LLC*, 752 F. Supp. 2d 785, 796 (E.D. Mich. 2010). Plaintiff missed her last chance to avoid losing her home, unless the Court finds that there was irregularity and fraud sufficient to set aside the foreclosure sale. The Court does not find that there was.

> **2.** *Plaintiff does not raise issues that rise to the level of fraud, irregularity, or exigency sufficient to set aside the foreclosure sale.*

According to Defendant, Plaintiff did not allege facts or defects rising to the level of fraud or irregularity in the foreclosure process that would warrant setting aside the foreclosure sale. It also asserts the fraud and irregularity must occur in the foreclosure sale process. In response, Plaintiff alleges she has an interest in the Property and

experienced irregularities during the foreclosure process sufficient to extend the redemption period. She states that there was irregularity in the loan modification process because her name was incorrectly put on documents, conflicting information and advice was given to her from Defendant's representatives, and Defendant could not locate missing documents.

"[T]he type of fraud sufficient to set aside a foreclosure sale must generally relate to the foreclosure sale or procedure itself." *Whitfield v. OCWEN Berkeley Fed. Bank & Trust*, No. 221248, 2001 WL 1699782, at *2 (Mich. Ct. App. Dec. 28, 2001). Federal case law holds that when Plaintiff has admitted and received notice of default and failed to show they had funds to outbid the highest bidder, she cannot show how she was prejudiced by defects in notice. *Brewster v. US Bank NA,* No. 12-12185, 2012 WL 3779012, at *5 (E.D. Mich. Aug. 7, 2012). The "plaintiff cannot show prejudice resulting from [an] alleged defect where [s]he did not attempt to redeem the property." *Galati v. Wells Fargo Bank,* No. 11-11487, 2011 WL 5178276, at *4 (E.D. Mich. Nov. 1, 2011). "Michigan statutes 'merely require a lender to consider a borrower for a loan modification prior to commencing foreclosure by advertisement. These statutes do not require a lender to modify a loan, nor do they give a plaintiff a cause of action for damages.'" *Brewster,* 2012 WL 3779012, at *6.

Plaintiff's allegations do not rise to the level of showing fraud, irregularity, or exigency. The irregularities that Plaintiff alleges are a part of the foreclosure process because they relate to the procedure for foreclosure by advertisement under MICH. COMP. LAWS § 600.3205. Plaintiff admits default. She also claims she did not receive written notice mailed to her by Defendant's foreclosing law firm. However, she failed to

show she had funds to outbid Defendant. Therefore, she cannot claim that she was prejudiced by defects in notice. This is especially true since Plaintiff waited a year and a half after the redemption period expired to file her Complaint and made no effort to redeem the Property. Plaintiff alleges the irregularity sufficient to set aside the sale was the conflicting information and advice Defendant's representatives gave her during the foreclosure period. However, from Plaintiff's affidavit, the conflicting information appears to be related to Plaintiff consulting over forty of Defendant's representatives about her case. Quite naturally, a large number of representatives serving in different capacities would give conflicting information. The irregularities that Plaintiff alleges are normal occurrences in the ordinary course of business.

About a year before the Sheriff's Sale in 2009, Defendant began to consider Plaintiff for a loan modification. Defendant ultimately did not modify the loan, but was not required to. In the loan modification process, there was no irregularity or fraud. At most, Plaintiff was led to believe that a modification was possible until and after the foreclosure sale. Plaintiff does not allege that the Defendant promised a modification. *See Brewster,* 2012 WL 3779012, at *4, *5. Plaintiff cannot show she was prejudiced by any alleged defect. To the extent she relies on her fraud claims to set aside the foreclosure, those arguments fail for reasons explained above. Count III fails.

### E. Count IV- Deceptive Act and/or an Unfair Practice

In her response, Plaintiff agrees to dismiss Count IV, Deceptive Act and/or Unfair Practices; Count VI, Unjust Enrichment; and Count IX, Constructive Trust. Fed. R. Civ.

13

P. 41(a)(2) declares that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." The Court dismisses Count IV, VI, and IX.

### F. Count V- Negligence

Plaintiff did not attempt to redeem the Property. Therefore, even if the Court were to find there was a duty breached and that breach was the actual and proximate cause of the Plaintiff's damages, she cannot claim any negligence of the Defendant prejudiced her. *See Galati,* 2011 WL 5178276, at *4.

### G. Count X- Injunction

Plaintiff requests injunctive relief as a claim in her Complaint. However, "an injunction is an equitable remedy, not an independent cause of action." *Terlecki v. Stewart*, 754 N.W.2d 899, 912 (Mich. App. 2008). The Court must consider the following factors when determining whether to grant injunctive relief: (1) whether Plaintiff has shown a likelihood of success on the merits; (2) whether she will suffer irreparable harm absent the injunction; (3) whether the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002).

Because the court finds all of Plaintiff's claims to be deficient, she has no likelihood of success on the merits. Count X fails.

### H. Leave to Amend

Plaintiff requests leave to amend Counts I, II, III, VII, VIII and X.

Fed. R. Civ. P. 15 "declares that leave to amend 'shall be freely given when

justice so requires.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Local Rule 15.1 requires a motion to amend, along with a copy of the proposed amendment. L.R. 15.1.

The Court will not decide whether Plaintiff may amend until she has submitted her motion and proposed complaint. Plaintiff must submit it within 30 days of entry of this Order and be mindful that Fed. R. Civ. P. 11 applies. Defendant has 21 days to file any opposition to Plaintiff's proposed amendment. If Plaintiff does not file an Amended Complaint, Defendant must submit a judgment on the outstanding counts.

## IV. CONCLUSION

The Court dismisses Counts IV, V, VI, IX, and X with prejudice; Count X, as already stated, is not an independent cause of action. The Court will allow Plaintiff to file a motion to amend Counts I, II, III, VII, and VIII. These Counts are dismissed without prejudice.

Defendant's motion to dismiss is **GRANTED**.

**IT IS ORDERED**.

                                           /s/ Victoria A. Roberts
                                           Victoria A. Roberts
                                           United States District Judge

Dated: October 15, 2012

> The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on October 15, 2012.
>
> s/Linda Vertriest
> Deputy Clerk